UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PHILLIP RACHAWN WILSON,

                Petitioner,                Case No. 1:12-cv-269

v.                                              Honorable Robert J. Jonker

WILLIE SMITH,

                Respondent.
_____/

**OPINION**

        This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because it fails to raise a meritorious federal claim.

**Factual Allegations**

Petitioner is incarcerated in the Carson City Correctional Facility. On April 19, 2010, the day his trial was scheduled to begin in the Wayne County Circuit Court, Petitioner entered into a plea agreement whereby he pleaded guilty to illegal use of a financial instrument, MICH. COMP. LAWS § 750.157q; use of a computer to commit a crime, MICH. COMP. LAWS § 752.797(3)(d); being a felon in possession of a firearm, MICH. COMP. LAWS § 750.224f; possession of a firearm during the commission of a felony, second offense, MICH. COMP. LAWS § 750.227b; and being a fourth habitual offender, MICH. COMP. LAWS § 769.12. (Plea Tr. 3-4, docket #1-1, Page ID#61-62.) Under the agreement, Petitioner was to be sentenced to imprisonment of five years for the felony-firearm conviction followed by concurrent terms of thirty months to fifteen years for the remaining offenses. (*Id*.) In exchange for his plea, the prosecutor dismissed the following charges: armed robbery, possession with intent to deliver marijuana, possession of cocaine, possession of heroin[1], receiving and concealing a stolen motor vehicle, home invasion, receiving and concealing stolen property less than $200 and identity theft. (*Id*.) In accordance with the plea agreement, the trial court sentenced Petitioner on May 24, 2010, to concurrent prison terms of thirty months to fifteen years for each of the first three offenses to be served consecutively to a five year term for the felony-firearm conviction.

The Michigan Court of Appeals and the Michigan Supreme Court denied Petitioner's applications for leave to appeal on June 9, 2011 and October 24, 2011, respectively.

Petitioner now raises the following ground for habeas corpus relief:

---

[1] The prosecutor would have dismissed the charge for possession of heroin in any event because the lab report came back negative for heroin. (Plea Tr. 8, Page ID#66.)

> THIS PETITIONER HAS BEEN DEPRIVED AS AN IN [SIC] INDIGENT TO THE RIGHT TO EQUAL AND EFFECTIVE REPRESENTATION AS THOSE WHO COULD AFFORD COUNSEL, WHERE COUNSEL FAILED TO ADEQUATELY PURSUE SUPPRESSION OF HIS STATEMENT/CONFESSION BY WAY OF WALKER[2] HEARING WHERE SAID STATEMENT WAS INVOLUNTARY DUE TO MENTAL DISEASE/DEFECT, THAT THEREFROM ALLOWED THIS PETITIONER TO BE BOUND OVER ON ADDED CHARGES TO THE INFORMATION THAT IS BARRED FROM THE TRIAL COURT FOR LACK OF SUBJECT MATTER JURISDICTION, TO THAT COUNSEL ALLOWED THIS PETITIONER TO PLEAD GUILTY THERE THIS PETITIONER DID NOT UNDERSTAND THE PROCEEDINGS UNDER ILL ADVISE, IN VIOLATION OF U.S. CONST. AMEND. 6, 14.

(Pet., docket #1, Page ID#4.)

At the preliminary examination in his case, Detective Stager testified that he interviewed Petitioner regarding the charges in this case. After Stager advised Petitioner of his *Miranda* rights, Petitioner admitted to using a stolen credit card to purchase Nike tennis shoes. Petitioner also confessed to possessing marijuana, but denied possessing crack cocaine or heroin. Petitioner contends that his trial counsel should have moved for a *Walker* hearing to determine whether his statement to Detective Stager was involuntary due to a mental disease or defect. Petitioner does not allege that he obviously suffered from or disclosed a mental disease or defect to his counsel or the court at any stage of the proceedings leading up to and including the guilty plea. Instead, Petitioner relies upon the Presentence Investigation Report (PSIR), which states, "The defendant denied any history of mental health issues however, prior juvenile records indicate a diagnosis of clinical depression." (PSIR, docket #1-1, Page ID#16.) The report indicated that Petitioner was prescribed Zoloft and Zanax for his depression. (*Id.*) With regard to Petitioner's health at the time of sentencing, the report stated, "A defendant's Health Questionnaire administered

---

[2]*People v. Walker*, 132 N.W.2d 87, 91 (Mich. 1965).

-3-

to the subject at the Wayne County Jail has returned indicating a history of good physical and mental health. Defendant describes good general health." (*Id.*) Petitioner maintains that upon review of the PSIR, his counsel immediately should have moved for a competency evaluation and *Walker* hearing to determine the voluntariness of his confession.

## Standard of Review

This action is governed by the Antiterrorism and Effective Death Penalty Act, PUB. L. 104-132, 110 STAT. 1214 (AEDPA). *See Penry v. Johnson*, 532 U.S. 782, 792 (2001). The AEDPA "prevents federal habeas 'retrials'" and ensures that state court convictions are given effect to the extent possible under the law. *Bell v. Cone*, 535 U.S. 685, 693-94 (2002). The AEDPA has "drastically changed" the nature of habeas review. *Bailey v. Mitchell*, 271 F.3d 652, 655 (6th Cir. 2001). An application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

## Discussion

In *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984), the Supreme Court established a two-prong test by which to evaluate claims of ineffective assistance of counsel. To establish a claim of ineffective assistance of counsel, the petitioner must prove: (1) that counsel's performance fell below an objective standard of reasonableness; and (2) that counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome.

A court considering a claim of ineffective assistance must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. The defendant bears the burden of overcoming the presumption that the challenged action might be considered sound trial strategy. *Id.* (citing *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)); *see also Nagi v. United States*, 90 F.3d 130, 135 (6th Cir. 1996) (holding that counsel's strategic decisions were hard to attack). The court must determine whether, in light of the circumstances as they existed at the time of counsel's actions, "the identified acts or omissions were outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. Even if a court determines that counsel's performance was outside that range, the defendant is not entitled to relief if counsel's error had no effect on the judgment. *Id.* at 691.

The two-part *Strickland* test applies to challenges to guilty pleas based on ineffective assistance of counsel. *Hill v. Lockhart*, 474 U.S. 52, 58 (1985). Regarding the first prong, the court applies the same standard articulated in *Strickland* for determining whether counsel's performance fell below an objective standard of reasonableness. *Id.* In analyzing the prejudice prong, the focus is on whether counsel's constitutionally deficient performance affected the outcome of the plea process. "[I]n order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id*. at 59.

Counsel's performance in this case clearly did not fall below an objective standard of reasonableness. While Petitioner points to information in the PSIR that he has a history of clinical depression as a juvenile, he does not allege that he was suffering from depression at the time of the proceedings in this case or that he informed defense counsel or the court that he was suffering from

a mental disease or defect. To the contrary, Petitioner, who was twenty-five years old at the time of his conviction in this case, denied having a history of mental illness and described himself as being in good general health. Because there was no indication that Petitioner was suffering from depression at the time of the proceedings in this case, there was no reason for counsel to seek a competency evaluation. Moreover, even if Petitioner contends that he was suffering from depression at the time of the proceedings in this case, he does not allege how his depression negatively affected his ability to assist counsel with his representation.

Petitioner also cannot establish prejudice as a result of his counsel's failure to seek a competency evaluation and to move for a *Walker* hearing to challenge his confession on the ground that his mental illness rendered his confession involuntary. In order to challenge the waiver of his *Miranda* rights, Petitioner would have to show that the waiver: (1) was the result of intimidation, coercion or deception, and (2) was made without full awareness both of the nature of the right being abandoned and the consequences of the decision to abandon it. *See Daoud v. Davis*, 618 F.3d 525, 529 (6th Cir. 2010). Petitioner does not allege that Detective Stager used intimidation, coercion or deception to obtain his confession. Moreover, as previously discussed, there is no indication that Petitioner was suffering from depression during the time period relevant to this case. Even if he was, Plaintiff does offer any evidence that his mental illness affected his ability to knowingly, intelligently and voluntarily waive his *Miranda* rights and give a statement to police. Consequently, Petitioner was not likely to succeed in challenging the admissibility of his statement. Furthermore, Petitioner received a substantial benefit from entering his plea agreement. In exchange for his plea to four offenses, the prosecutor dismissed eight offenses. Petitioner, therefore, cannot show that there is a reasonable probability that, but for counsel's alleged errors, he would not have pleaded guilty and would have insisted on going to trial.

**Conclusion**

In light of the foregoing, the Court will summarily dismiss Petitioner's application pursuant to Rule 4 because it fails to raise a meritorious federal claim.

**Certificate of Appealability**

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme

Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

A Judgment and Order consistent with this Opinion will be entered.


Dated:      April 13, 2012                    /s/ Robert J. Jonker
                                              ROBERT J. JONKER
                                              UNITED STATES DISTRICT JUDGE